IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

METROPOLITAN LIFE INSURANCE, CO.,

    Plaintiff,

vs.                                                      No.  2:08-cv-02149-STA

FREDERICK WILLIAMS, incapacitated by
insanity, GERREN HARRISON, a minor,
and MACKENZIE WILLIAMS, a minor,

    Defendants.

---

**CONSENT ORDER AFFIRMING IN PART REPORT AND RECOMMENDATION**
**AND**
**APPROVING SETTLEMENT**

---

On December 2, 2010, the Court conducted a hearing on the parties' objections to the Recommendation of the United States Magistrate Judge. Pursuant to the arguments of counsel and evidence introduced at the hearing, the Court concluded that the Recommendation should be adopted in part.

On March 4, 2008, Metropolitan Life Insurance Company (Met Life) filed a complaint in interpleader to deposit $195,000.00 plus accrued interest as the proceeds of a group life insurance policy under the Federal Employees Group Life Insurance Act (FEGLIA), 5 U.S.C. §§ 8701 to 8716 belonging to a deceased employee of the United States Postal Service, Stacey Raemon Williams, formerly known as Stacey Raemon Thompson Harrison. Ms. Williams had failed to complete a designation of beneficiary under FEGLIA, 5 U.S.C. § 8705(a). Met Life, as the administrator of the

1

policy identified Ms. Harrison's minor children and Ms. Williams' husband, defendant Frederick Williams, as the possible claimants to the policy proceeds. Met Life asserted an inability to identify the proper beneficiary of the policy proceeds. On February 24, 2009, Met Life actually deposited the fund, totaling $294,840.19, with the Court.

The minor children filed an answer asserting their collective entitlement to the fund to the exclusion of Mr. Williams, who also filed an answer, claiming the fund, to the exclusion of the children. Met Life has been dismissed, with prejudice, and the only parties before the Court are the children and Mr. Williams. The Court appointed attorneys Gregory C. Krog, Jr., and Randell K. Brooks as guardians ad litem for the children, who were minors at the time of the interpleader,[1] and attorney Marty McAfee as guardian ad litem for Mr. Williams. Mr. Williams is confined under an indefinite judicial commitment, pursuant to Tenn. Code Ann. § 33-7-303(c) to the Tennessee Department of Mental Health, based on his having been found not guilty by reason of insanity for the March 8, 2000, killing of his wife and three emergency responders. Since March 8, 2000, Mr. Williams has been confined in state custody, either awaiting trial or complying with the judicial commitment. The parties continue to agree that Mr. Williams is not competent to make decisions regarding disposition of the policy proceeds, and that the appointment of guardians ad litem continues to be necessary.

On February 17, 2010, the Court entered a consent order by which the parties agreed that a trial is unnecessary, that the mental state of Mr. Williams at the time of the killing could be determined from the state court criminal records, and agreed by Friday, April 16, 2010, to file cross-

---

[1] Claimant Gerren Harrison has since reached the age of majority.

motions for summary judgment, with each party to file one brief in response to the other party's motion by Friday, April 30, 2010. After several extensions to permit the parties to explore the possibility of settlement, on August 2, 2010, the parties filed a motion for a settlement conference under Rule 16(d), based on an agreed proposed resolution. As guardians ad litem, the parties sought the court's approval of this proposed resolution.

The proposed settlement divided the present corpus of the interpleaded fund into three equal shares, with one-third paid to Gerren Harrison, one to a trust for minor MacKenzie Williams, and the third share paid on behalf of the adult claimant to a Trust for another minor child, Alexandria Lisette Williams, to whom Mr. Frederick Williams owes a continuing duty of support. The settlement provided that each party's attorney's fees for the attorney/guardians ad litem be paid from the respective portion of the corpus.

The Court referred this motion to the United States Magistrate Judge, who conducted a hearing on August 17, 2010. On September 7, 2010, the Magistrate Judge issued a Report and Recommendation approving the proposed settlement as to amounts to be paid to Gerren Harrison and MacKenzie Williams, but not as to the portion to be set aside for the benefit of Alexandria Lisette Williams. The Report and Recommendation noted that the parties had not adequately demonstrated either that Frederick Williams' obligation to her was legally binding, or that she was the only possible person to whom he owed such a duty of child support. The Report and Recommendation also approved the attorney's fees requested by attorneys Marty McAfee and Gregory C. Krog, Jr., but only part of the fee for attorney Randell K. Brooks, as the latter had not fully documented the time on which he based the fee request. The parties filed a timely objection

to the Report and Recommendation. On December 2, 2010, the Court conducted a further hearing on the objection.

At this hearing, the parties introduced certified copies of the birth certificate of Alexandria Lisette Williams, and the court orders demonstrating Frederick Williams' obligation to pay support. Those records were not available to the Magistrate Judge. The Court also entertained the representations of all counsel on the record that they have inquired diligently of all family members of Frederick Williams, and that Alexandria Lisette Williams and MacKenzie Williams are the only two of his offspring to whom he owes any support.[2] As Mr. Williams has been confined since March 8, 2000, the Court can conclude with some confidence that he has had no opportunity to father any offspring since that time. The Court therefore holds that this fact, combined with the inquiry of all counsel on this point, provides a reasonably reliable and trustworthy basis for finding that no such children exist. The Court therefore concludes that Mr. Williams' obligation to care for Alexandria Lisette Williams is an ample basis for approving the settlement as proposed.

Based on the Court's review of the documents demonstrating Mr. Williams' clear legal obligation to Ms. Alexandria Lisette Williams, the Court approves the proposed settlement under which one-third of the corpus, after deducting Mr. McAfee's attorney's fees, will be paid to a Trust for Ms. Williams' benefit. The Court directs that the Trust be established prior to any disbursement pursuant to any party.

---

[2] Gerren Harrison was the child of Stacey Raemon Harrison Williams and Herman Harrison. He and MacKenzie Williams claim entitlement to the fund as the surviving children of Mrs. Williams.

The Magistrate Judge approved the requests of Mr. Krog and Mr. McAfee for attorney's fees. The Court affirms that approval. The Court further approved reasonable further time devoted to the representation, provided they filed a proper request for additional reasonable fees for that time. Both counsel having now submitted their timesheets and supporting affidavits, the Court hereby approves those fee requests, in the amount of $16,080.00 for Mr. Krog and $16,260.00 for Mr. McAfee.

Counsel for Gerren Harrison and MacKenzie Williams objected to the Report and Recommendation to the extent that it recommended that Mr. Brooks' fees be limited to only the then enumerated hours, multiplied only by his hourly rate. The Court held that Mr. Brooks might submit a request for reasonable fees that includes a request that the hourly rate be multiplied by an enhancer, based on the normal factors applicable to attorney's fees in the federal courts. Mr. Brooks has submitted an additional application for fees, properly supported, and the Court grants this request and awards Mr. Brooks a fee of $5,000.00.

Louisiana Counsel for Miss Alexandria Lisette Williams has informed the Court of the identity of the Louisiana Trust to which her share of the corpus will be paid, and the identity of the proposed Tutorship created pursuant to Louisiana law. The Tutorship proceeding will be styled "TUTORSHIP OF ALEXANDRIA LISETTE WILLIAMS" in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. The Trust will be the Alexandria Lisette Williams Trust. Alexandria Lisette Williams' mother, Renita Brown Bygrave, will be the Tutrix and the Trustee of the Trust.

The Court therefore ORDERS that the proposed settlement is approved. The Clerk shall retain from the interest accrued on the entire corpus an administrative fee equal to ten percent of interest earned on registry funds. As of January 31, 2011, that fund consisted of principal and

accrued interest through April 13, 2010 of Two Hundred Ninety Thousand, Three Hundred Seventy-Eight Dollars, Twenty-Seven Cents ($290,378.27).  Additional interest will be due for the period of time from April 13, 2011, through the date the Clerk withdraws the money from the escrow account.  The Clerk shall divide this total fund, including all accrued interest less the Clerk's administrative fee, into three equal portions, one for each of Alexandria Lisette Williams, Gerren Harrison, and MacKenzie Williams.

The Clerk shall pay attorney's fees to Mr. Marty McAfee on behalf of Frederick Williams the sum of $16,260.00.

The Clerk shall deduct the attorney's fees paid Mr. McAfee from the share of Alexandria Lisette Williams.  The Clerk shall issue a check for the remainder of the amount to Renita Brown Bygrave, Trustee of the Alexandria Lisette Williams Trust, and shall forward said amount to counsel for the Trustee:

Robert W. Savoie
McGlinchey Stafford PLLC,
12th Floor, 601 Poydras Street
New Orleans LA 70130
Direct: (504) 596-2797
Cell: (504) 941-2629
Email: rsavoie@mcglinchey.com

The Clerk shall issue a check for $5,000.00 attorney's fees to Mr. Randell K. Brooks.

The Clerk shall issue a check for $16,080.00 attorney's fees to Gregory C. Krog, Jr.

The Clerk shall deduct $10,540.00 (one-half the total fees paid to Mr. Brooks and Mr. Krog), from the proportionate share of Mr. Gerren Harrison and deduct the same amount from the proportionate share of Miss MacKenzie Williams.  The remainder of Mr. Gerren Harrison's share shall be paid by the Clerk in a check payable to Mr. Gerren Harrison.  The remainder of Miss

MacKenzie Williams' share shall be paid by the Clerk in a check payable to Randell K. Brooks, Guardian of the MacKenzie Raquel Williams Guardianship, Shelby County Probate Court, Docket Number C-2251.

    IT IS SO ORDERED this 25th day of February 2011.

                                    **s/ S. Thomas Anderson**
                                    S. THOMAS ANDERSON
                                    UNITED STATES DISTRICT JUDGE

Approved for Entry:

| | |
|---|---|
| s/Randell K. Brooks | Marty McAfee |
| Randell K. Brooks, Esq. | BPR # 018113 |
| TN BOPR # 011804 | McAfee and McAfee |
| 840 Valleybrook Drive | 246 Adams Avenue |
| Memphis, Tennessee 38120 | Memphis, TN 38103 |
| 901-374-0363 | (901) 328-7000 |
| email: oldlaw@bellsouth.net | martym@mcafeelawyers.com |
| | Counsel for Frederick Williams |

s/ Gregory C. Krog, Jr.
Gregory C. Krog, Jr., Esq.
TN BOPR # 011029
840 Valleybrook Drive
Memphis, Tennessee 38120
(901) 683-9080
email: kroglaw@bellsouth.net
Counsel for Gerren Harrison and MacKenzie Williams